UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-00115 MMM (SSx) | Date | January 17, 2012 |

| | |
|---|---|
| Title | *Skyline Vista Equities, LLC v. Rio Vergini and Does 1 to 10* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **Order to Show Cause Why Action Should Not Be Remanded to State Court**

### I.   BACKGROUND

On November 9, 2011, plaintiff Skyline Vista Equities, LLC ("Skyline") filed a complaint for unlawful detainer following a foreclosure sale, under California Code of Civil Procedure § 1161a.[1] The case was designated as a limited civil case, in which the amount demanded did not exceed $10,000.

Skyline alleges that it is entitled to possession of a parcel of real property located at 11673 Porter Valley Drive, Porter Ranch, California. Skyline allegedly purchased the property following a foreclosure sale, and alleges that the defendants have occupied the premises without its consent since that time.[2] The complaint prays for restitution and possession of the premises, damages in the amount of $133.33 per day "from [sic][3] to the date of entry of the judgment, or recovery of possession of the

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Jan. 5, 2012), Exh. 1 (Complaint for Unlawful Detainer ("Complaint")), at 1.

[2]*Id.*, ¶¶ 3, 9.

[3]The date from which Skyline alleges it began to suffer damages was evidently left blank in error.

premises," costs, and such other and further relief as the court deems just and proper.[4]

Hines removed this action, invoking the court's federal question jurisdiction. Hines alleges that the complaint presents a federal question, as Skyline "was required to state a cause of action" under the Protecting Tenants at Foreclosure Act ("PTFA").[5]

## II.  DISCUSSION

### A.  Federal Question Jurisdiction

#### 1.     Legal Standard Governing Federal Question Jurisdiction

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke this court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, *supra*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, *supra*, 482 U.S. at 392. Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

---

[4]*Id.* at 3.

[5]Removal, ¶ 7.

*Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd., supra,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow, supra*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, supra*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor, supra*, 481 U.S. at 63; *Gully, supra*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd., supra*, 463 U.S. at 14.

> **2. Whether Defendant Has Demonstrated That the Court Has Federal Question Jurisdiction**

Here, the complaint pleads only one cause of action under the California Code of Civil Procedure, which is a claim arising under state law. Skyline does not allege any claim "arising under" federal law. Hines asserts that the court has federal question jurisdiction over this action because the plaintiff provided a defective notice in violation of the Protecting Tenants at Foreclosure Act under 12 U.S.C. § 5220.[6] However, a defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994) ("[N]either an affirmative defense based on federal law … nor one based on federal preemption … renders an action brought in state court removable.").

Accordingly, the court tentatively concludes that it lacks subject matter jurisdiction over the action.

---

[6]Notice of Removal, ¶ 8.

## III.  CONCLUSION

Consequently, the court orders defendants to show cause, on or before **February 6, 2012**, why this action should not be remanded to state court for lack of subject matter or jurisdiction.  Plaintiff may file a response by **February 13, 2012.**